Hawkins, J.,
delivered the opinion of the Court.
At the December Term, 1865, of this Court, J. B. Erierson recovered a judgment against Giles T. Harris and others, for the sum of $520, and costs.
On the 27th of August, 1866, the plaintiff suggested to the Clerk of this Court, that the said Giles T. Harris was dead, and that William L. Harris, C. C. Harris, Robert G. Harris, Mary Harris, Alice Harris, Claiborne Harris, and Rowena Moore, were his heirs at law; and thereupon the Clerk issued a seire facias, directed to the Sheriff of Maury county, commanding bim to summon said heirs at law to appear before this
Court and show cause, if any they have or can, why said judgment should not be revived against them. This process has been served, and the question presented is, Can the judgment be revived against the heirs upon this scire facias f And we are clearly of the opinion, it cannot, for several reasons.
The scire facias is to show cause why the judgment should not be revived against the heirs of the judgment debtor, instead of to show cause why execution should not be issued against the real estate of the ancestor, descended to the heirs. We know of no authority for a simple reviver of a judgment against heirs.
When a suit has been instituted against a party who dies before judgment, and no persons will administer upon the estate of the the defendant, the plaintiff may *148 sue out a seire facias against tbe lieirs or devisees of tbe defendant, and upon return thereof duly executed, may prosecute bis suit to judgment and execution, against tbe real estate of tbe deceased defendant, descended or devised to tbe beirs or devisees.
After judgment, tbe plaintiff seeking to subject tbe real estate of tbe judgment debtor, descended to tbe beir, before taking out execution against tbe said real estate, must cause tbe beir to be summoned by seire facias, to show cause wby execution should not be issued against tbe real estate. But, to authorize tbe issuance of a seire facias to subject tbe real estate in tbe bands of tbe beir, to tbe satisfaction of a judgment against tbe ancestor, a suggestion must be made upon tbe record, of tbe fact that real estate has descended to tbe heir. This suggestion of record, is a necessary foundation of a seire facias against tbe beir, without which tbe seire faeias is irregular and void, in as much as a seire facias must be based upon some matter of record.
Tbe clerk bad no power or authority, to issue tbe writ. Its issuance is a judicial act based upon a suggestion entered of record, and it must be awarded by tbe Court: Hillman Brothers vs. Hickerson, 3 Head, 575.
For these several reasons, to say nothing of others which might be assigned, tbe motion to revive the judgment must be refused and tbe scire faeias dismissed.